UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| WILLIAM MASTERS,<br><br>    Plaintiff,<br><br> vs.<br><br>HARRISON & JOHNSTON PLC<br><br>    Defendant. | ) <br> ) <br> )  Civil Action No. 5:17-cv-00006-MFU <br> ) <br> )  PLAINTIFF'S MEMODRANDUM OF LAW <br> )  IN SUPPORT OF SUMMARY JUDGMENT <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff hereby submits the following memorandum of law in support of his motion for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2016, Defendant was assigned Plaintiff's account for collection by Neurologic Associates, PLC. The alleged debt arose from transactions for services rendered by Neurologic Associates PLC in July 2008 and August 2008. No payments were made on the alleged debt owed to Neurologic Associates PLC since 2008.

As the result of documents produced in discovery, Plaintiff has learned that Defendant was in possession of four documents from Neurologic Associates PLC at the time it initiated suit: (1) Patient Information Sheet (attached hereto as Exhibit "A"); (2) Patient Receipt (attached hereto as Exhibit "B"); (3) Patient Promise to Pay (attached hereto as Exhibit "C"); and (4) Insurance Information Sheet (attached hereto as Exhibit "D"). Each of the documents signed by Plaintiff was from 2008 and none of the documents support anything other than the conclusion that no activity has occurred on the account since 2008. In spite of reviewing these documents

-1-

which showed no activity on the account since 2008, Defendant filed a lawsuit against Plaintiff, on November 8, 2016, docketed as GV16004149-00 in Winchester General District Court in order to collect the alleged debt.  The filing of this lawsuit was long after the expiration of the five year statute of limitations in Virginia as one can easily see from the documents that Defendant produced in discovery, which were available for review, prior to the filing. When Plaintiff promptly raised the statute of limitations defense with Defendant, Defendant dismissed the lawsuit with prejudice.

Plaintiff filed the Complaint in this matter on February 6, 2017.  Defendant timely answered on July 1, 2017.  A scheduling conference with the Court was held on March 8, 2017 and a scheduling order was signed by the Court the same day and filed on March 10, 2017. Plaintiff served discovery requests on Defendant on June 13, 2017. Defendant timely responded to Plaintiff's Interrogatories (attached hereto as Exhibit "E), Plaintiff's Request for Production of Documents (attached hereto as Exhibit "F"), and Plaintiff's Requests for Admissions on July 13, 2017 (attached hereto as Exhibit "G").

## II.    STANDARD OF REVIEW

"Summary judgment is justified if, from the totality of the evidence presented, including pleadings, depositions, answers to interrogatories, and affidavits, the court is satisfied that there is no genuine factual issue for trial and the moving party is entitled to judgment as a matter of law." *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810 (4th Cir. 1995).  All inferences drawn from the facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  However, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" as opposed to evidence that is "merely colorable" or "not significantly probative."

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 234. 249-250 (1986). The party seeking summary judgment bears the initial burden of showing that there is an absence of evidence to support the non-moving party's case. *Spencer v. Hendresen-Webb Inc.*, 81 F. Supp. 2d 582 (D. Md. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The burden then shifts to the non-moving party to show specific facts that demonstrate there is a genuine issue for trial.

## III.    ARGUMENT

### A. The FDCPA is a strict liability statute that provides for statutory damages when a violation has occurred.

Courts across the nation including the Fourth Circuit Court of Appeals have repeatedly made it clear that the FDCPA does not require proof of actual damages before a consumer is entitled to statutory damages. *See Warren v. Sessoms & Rogers P.A.*, 676 F.3d 365, 375 (4th Cir. 2012); *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003); *Robey v. Shapiro, Marianos, & Cejda, L.L.C.*, 434 F.3d 1208 (10th Cir. 2006). This is because the FDCPA is a statute that "imposes liability without proof of an intentional violation." *Warren v. Sessoms & Rogers P.A.*, 676 F.3d 365, 375 (4th Cir. 2012) (*quoting Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011. The FDCPA contains no scienter requirement, but simply imposes liability on any debt collector who fails to comply with any provision of the Act. *Id.* The statute was set up this way because Congress found that abuse by debt collectors was a "widespread and serious national problem" with such abuse taking various forms including "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and

attorneys, and simulating legal process." S. Rep. No. 95-382 at 2 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695.   Congress also recognized that often times the injuries suffered by consumers from the actions of debt collectors "is not any actual economic loss, but rather being subjected to the allegedly unfair and abusive practices of the Collection Defendants." *Brown v. Transurban USA Inc.*, 2015 U.S. Dist. LEXIS 148489 at *34 (E.D. Va. Nov. 2, 2015).

Three requirements must be satisfied to establish a violation of the FDCPA: (1) the plaintiff who has been the target of collection activity must be a "consumer" as defined in § 1692a(3); (2) the defendant collecting the debt must be a "debt collector" as defined in § 1692a(6); and (3) the defendant must have engaged in any act or omission in violation of the FDCPA. *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997).

The first element is undisputed as Defendant acknowledges in its answer that Plaintiff is a natural person and that Plaintiff was allegedly obligated to pay a debt as Defendant filed suit against Plaintiff to collect a medical debt.  Medical debt is a type of consumer debt. *See e.g. Randolph v. Northeast Legal*, 2014 U.S. Dist. LEXIS 82199, (N.D. Ala. May 23, 2014) (concluding "that the debt at issue is a consumer debt as defined by the FDCPA "because it 'arises out of a medical debt incurred by the plaintiff'"').  The second element is met as the Fourth Circuit Court of Appeals has been clear that "attorneys seeking repayment of a debt on behalf a client are debt collectors within the ambit of the FDCPA." *McLean v. Ray*, 488 Fed. Appx. 677, 682 (4th Cir. 2012).  Since Defendant filed suit to collect a debt on behalf of its client, Neurologic Associates PLC, Defendant is a debt collector under the FDCPA.  The third element is met as Defendant violated the FDCPA as discussed below.

> **B. The filing of a lawsuit against a consumer past the statute of limitations is a violation of the FDCPA.**

As the Fourth Circuit Court of Appeals has recognized, "[f]ederal courts have consistently held that a debt collector violates the FDCPA by filing a lawsuit or threatening to file a lawsuit to collect a time-barred debt." *Dubois v. Atlas Acquisitions LLC*, 834 F.3d 522, 527 (4th Cir. 2016); *see also Phillips v. Asset Acceptance LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (concluding if Defendant sued past the statute of limitations, it violated the FDCPA); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32-33 (3d Cir. 2011); ("FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts."); *Freyermuth v. Credit Bureau Servs.*, 248 F.3d 767, 771 (8th Cir. 2001) (concluding FDCPA violation occurs if litigation is initiated on a debt that is the past the statute of limitations); *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014) ("Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f.") *Castro v. Collecto Inc.*, 634 F.3d 779, 783 (5th Cir. 2011) (concluding threatening to sue on a time-barred debt "may well violate the FDCPA").   District courts within the Fourth Circuit have also concluded that filing suit on a debt past the statute of limitations violates the FDCPA. *See e.g. Bickley v. Gregory*, 2016 U.S. Dist. LEXIS 148654 at *14 ("By filing a legal action to collect a time-barred debt from Ms. Bickley, the defendants falsely represented the legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A).").

Courts have uniformly found filing a lawsuit past the statute of limitations to violate the FDCPA because few consumers are aware of the available, absolute defense of the statute of limitations which often results in judgments on time-barred debts and even those that are may choose to acquiesce and pay to avoid the time and expense of fighting the matter in court. *See*

*Phillips v. Asset Acceptance LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (*quoting Kimber v.*

*Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987).

> **C. Defendant filed a lawsuit against Plaintiff past the applicable statute of limitations in Virginia in violation of the FDCPA.**

Defendant filed suit against Plaintiff on November 8, 2016. Plaintiff signed an agreement to pay Neurologic Associates PLC for services rendered on July 5, 2008. *See* Exhibit C. All services were rendered in 2008 and no payments were made after 2008. *See* Exhibit B. The statute of limitations in Virginia for bringing suit arising out of a written contract is five years. *See* Va. Code § 8.01-246. In the case at bar, Defendant was clearly in possession of documents that demonstrated that the statute of limitations would expire, even with a generous reading, no later than the end of 2013. Defendant filed suit against Plaintiff in 2016 which is well beyond the applicable statute of limitations under Virginia law. As such, they are strictly liable under the FDCPA.

### CONCLUSION

In light of the foregoing, Plaintiff's Motion for Summary Judgment should be granted.

Dated: August 8, 2017

<div style="margin-left:40%">

Respectfully Submitted,


_s/ Taylor-Lee W. Stokes_____
Taylor-Lee W. Stokes
Taylor-Lee W. Stokes, P.C.
6933 Commons Plaza, Suite 101
Chesterfield, VA 23832
Telephone: 804-318-0653
Email: twstokes@attorneysstokes.com

_s/ Matthew T. Sheffield_____
Matthew T. Sheffield Esq.
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632

</div>

(T) 201-461-0059
(F) 201-608-7116
(E) ms@lupoverlaw.com