UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| WILLIAM MASTERS,<br>　　　Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 5:17-cv-00006-MFU |
| HARRISON & JOHNSTON, PLC,<br>　　　Defendant. | ) ) ) ) | |

## DEFENDANT'S RESPONSES TO INTERROGATORIES

**COMES NOW** the Defendant, Harrison & Johnston, PLC ("H&J"), by its counsel Stephen L. Pettler, Jr., and in response to the Interrogatories filed in this matter by the Plaintiff, William Masters ("Masters") states as follows:

The information supplied in these responses is not based solely upon the knowledge of the responding party, but includes the knowledge of the party, its agents, representatives, and attorneys, unless privileged. The word usage and sentence structure is that of the attorney assisting in the preparation of these responses and thus does not necessarily purport to be the precise language of the answering party. These responses are made subject to the absolute privilege and right of the answering party to amend and/or supplement.

### General Objection

H&J objects to the instructions issued with the Interrogatories to the extent they exceed the strictures of the Federal Rules of Civil Procedure.

EXHIBIT

tabbies'

E

## Responses to Interrogatories

1. State the name of each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory:

**ANSWER:**

**Cary M. Craig, Jr.**
**Amy K. Slaughter**
**Stephen L. Pettler, Jr.**

2. Identify each document referred to or consulted by Defendant in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

**ANSWER:**

**A.    The pleadings filed in this matter.**

**B.    The discovery requests propounded by Masters in this matter.**

**C.    The pleadings and papers filed in the matter of *Neurologic Associates, PLC v. Masters* in the General District Court for the City of Winchester, Virginia at Case No. GV16-4149 (the "GDC Suit").**

3. Identify all persons known to Defendant to have personal knowledge of any facts or issues involved in this lawsuit, state the following [*sic*]:

**ANSWER:**

**Cary M. Craig, Jr.**
**Amy K. Slaughter**
**Stephen L. Pettler, Jr.**
**William Masters**
**William Master's legal counsel**

4. Set forth the full factual and legal basis for Defendant's affirmative defenses set forth in Defendant's answer.

**ANSWER: H&J hereby incorporates its Affirmative Defense as stated in its answer to the Complaint filed in this proceeding as though set forth at length.**

5.    Identify and describe each communication or attempted communication, between Plaintiff and Defendant, which was made in connection with the collection of account upon which suit was filed under Case No. GV-16-4149 in Winchester General District Court.

**ANSWER: H&J filed a Warrant in debt was filed against Plaintiff on or about November 8, 2016. Masters called H&J on or about November 15, 2016 to discuss the Warrant in Debt and left a voice message regarding the same. Attorney Amy Slaughter with H&J returned Master's phone call on or about November 17, 2016, and they discussed Master's position that the claimm was too old to be brought.**

6.    Identify whether Defendant recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

**ANSWER:  No recordings were made of any telephone call with Masters.**

7.    Identify the original creditor of the alleged debt that Defendant was trying to collet from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

**ANSWER:**

**Neurologic Associates, PLC**
**905 Cedar Creek Grade, Suite 200**
**Winchester, Virginia 22601**
**(540) 722-8882**

8.    In the form of a chronology, identify and describe in detail and with particularity, the process, events and circumstances under which the debt allegedly owed by the Plaintiff was referred, placed or otherwise assigned to the Defendant for collection, identifying all documents relevant to, or reflecting such referral, placement or assignment.

**ANSWER: Objection.  H&J Objects to the direction to respond "in the form of a chronology" as that phrase is ambiguous and subject to various interpretations.  Notwithstanding the foregoing, and without waiving such objection, H&J provides the following information otherwise responsive to Masters' request:**

**In or about July, 2016 H&J was engaged by Neurologic Associates, PLC to collect past due accounts which were communicated to H&J as being open accounts that were currently due**

or on which there had been recent payment activity from the debtors. 442 accounts were delivered to H&J by Neurologic Associates, PLC. The accounts were reviewed for appropriate documentation and divided into tranches for drafting of warrants in debt and filing of the same. Masters' account was reviewed and it was understood, from the information available to H&J from Neurologic Associates, PLC, that the Masters' account was currently active. Based on this information, a warrant in debt against Masters was filed in the GDC Suit at the same time 17 other suits were filed for Neurologic Associates, PLC. This was the fourth tranche of suits filed by H&J for Neurologic Associates, PLC since its engagement. After being informed by Masters and his legal counsel that they believed the account was not active, H&J again conferred with Neurologic Associates, PLC and determined that the account was not active and the statute of limitations for collecting the account had passed. Accordingly, H&J caused the GDC Suit to be dismissed, with prejudice, and kept Masters and his legal counsel advised of H&J's review of the matter throughout the process.

9.  Identify and describe each document known to Defendant, which is related to or contains information about the debt being collected from Plaintiff.

**ANSWER:**

**H&J hereby incorporates its responses to Interrogatory No. 2 above as though set forth at length. By way of further response:**

**Patient Info Sheet from Neurologic Associates, PLC (William Masters)**
**Patient Receipt from Neurologic Associates, PLC (William Masters)**
**Signed Patient Promise to Pay from Neurologic Associates, PLC (William Masters)**
**Signed insurance information sheet from Neurologic Associates, PLC (William Masters)**

10. State the name, address, telephone number, title, place of employment and field of expertise of each person whom Defendant intends to call as an expert witness at a trial of this case:

**ANSWER: H&J does not intend to call any expert witnesses at this time and may supplement this response in response to filings by Masters in this matter.**

11.   Identify by name, position, home address, home telephone number, business address, business telephone number, all witnesses that Defendant intends to call or may call to testify at trial, and provide a detailed summary of the expected testimony of each such person.

**ANSWER:**

**Cary M. Craig, Jr., Esq.**
**Harrison & Johnston, PLC**
**21 S. Loudoun St.**
**Winchester, Virginia 22601**
**(540) 667-1266**


**Amy K. Slaughter, Esq.**
**Harrison & Johnston, PLC**
**21 S. Loudoun St.**
**Winchester, Virginia 22601**
**(540) 667-1266**

**Stephen L. Pettler, Jr., Esq.**
**Harrison & Johnston, PLC**
**21 S. Loudoun St.**
**Winchester, Virginia 22601**
**(540) 667-1266**


12.   Identify and describe specifically all exhibits Defendant may introduce at the trial of this matter. (Alternatively, you may respond by supplying copies of each such exhibit and marking them as responsive to this interrogatory.)

**ANSWER: H&J has not identified any exhibits it intends to introduce at the trial of this matter at this time.**


13.   Identify and set forth in detail the review process undertaken by Defendant for each collection account that is assigned into Defendant for purposes of litigation prior to a lawsuit being initiated.

**ANSWER: Objection. H&J represents numerous clients in various matters, many of which may be classified as "collection accounts" that are "assigned... for purposes of litigation." Each client's matter requires different review and analysisas appropriate to each matter. To the extent this request involves matters handled by H&J other than that involving Masters, it is objectionable as irrelevant to this proceeding, overbroad and unduly burdensome. To the**

extent applicable to the instant matter, and by way of further response subject to the foregoing objections, H&J reviewed the documents identified in response to Interrogatory No. 9 and the information provided by Neurologic Associates, PLC regarding the activity on the accounts delivered pursuant to H&J's engagement to handle those matters. It was understood that only active accounts were being delivered for collection. Active accounts were understood to be accounts which had recent payment or charge activity and that had been "worked" by the client's medical billing company and/or staff in an attempt to collect the balances owed.

14. Identify and set forth in detail the review process undertaken by Defendant for Plaintiff's account prior to the lawsuit being filed.

ANSWER: H&J incorporates its response to Interrogatory No. 13 above by way of response as though set forth at length.

15. Identify and set forth in detail how "the case against the Plaintiff was inadvertently included in suits filed on or about November 8, 2016" in conjunction with 442 other collections cases to be filed on behalf of Neurologic Associates, PLC.

ANSWER: H&J incorporates its response to Interrogatory No. 8 above by way of response as though set forth at length.

I hereby certify, under penalty of perjury, that the foregoing responses to the Requests for Admissions propounded by Plaintiff William Masters are true and correct to the best of my knowledge, information, and belief.

Harrison & Johnston, PLC

By: Cary M. Craig, Jr., Authorized Member

COMMONWEALTH OF VIRGINIA
CITY OF WINCHESTER, to wit:

Subscribed and sworn to before me on this ___13th___ day of July, 2017.

STEPHANIE J WEBSTER
NOTARY PUBLIC
REGISTRATION # 7162129
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
JULY 31. 2018

Notary Public

**RESPECTFULLY SUBMITTED:**

**HARRISON & JOHNSTON, PLC**

*By Counsel*

HARRISON & JOHNSTON, PLC

Stephen L. Pettler, Jr. Esquire [Va. Bar # 44436]
21 South Loudoun Street
Winchester, Virginia 22604
Tel. 540.667.1266
Fax. 540.667.1312
Email: pettler@harrison-johnston.com
Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2017, the foregoing document was caused to be served on the persons addressed below by email and regular mail:

Taylor-Lee Wickersham Stokes
Law Office of Taylor-Lee W. Stokes, P.C.
6933 Commons Plaza, Suite 101
Chesterfield, Virginia 23832
twstokes@attorneysstokes.com

Matthew T. Sheffield
Law Offices of Michael Lupover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, New Jersey 07632
ms@lupoverlaw.com

Stephen L. Pettler, Jr. Esquire [Bar # 44436]
21 South Loudoun Street
Winchester, Virginia 22604
Tel. 540.667.1266
Fax. 540.667.1312
Email: pettler@harrison-johnston.com