CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 0 2018

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

WILLIAM MASTERS, )
)
Plaintiff, ) Civil Action No.: 5:17cv00006
)
v. )
)
HARRISON & JOHNSTON PLC, ) By: Hon. Michael F. Urbanski
) Chief United States District Judge
Defendant. )
)

## MEMORANDUM OPINION

This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff William Masters ("Masters") alleges that Defendant Harrison & Johnston PLC ("H&J") violated the FDCPA by initiating a time-barred collection action on behalf of its client, Neurologic Associates PLC ("Neurologic"). H&J does not contest the violation, but seeks shelter in the bona fide error defense under 15 U.S.C. § 1692k(c). Both parties moved for summary judgment, ECF Nos. 14 & 16, and have filed responsive briefs, ECF Nos. 18 & 20–21. The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. For the following reasons, Masters' motion for summary judgment, ECF No. 14, is **DENIED** and H&J's cross-motion for summary judgment, ECF No. 16, is **DENIED**.

I.

Masters sought medical services from Neurologic in July 2008, for which Masters signed an agreement promising to pay any invoices. See Ex. C to Pl.'s Mem. of Law in Supp. of Summ. J., ECF No. 15-5. No payments were made for the services after 2008. See Pl.'s Statement of Undisputed Facts, ECF No. 15-1, at 1.[1] In late 2015 or early 2016, Neurologic sought H&J's assistance in initiating collections actions for unpaid services. See Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. and in Supp. of Def.'s Cross-Mot. for Summ. J., ECF No. 18, at 1 ("Def.'s Mem.").[2] Stephen L. Pettler, Jr., the managing member and an attorney at H&J, informed Dr. Mark Landrio, the manager of Neurologic, that H&J could not collect accounts that were unpaid for more than five years due to Virginia's statute of limitations. See Def.'s Mem., ECF No. 18, at 1–2. Neurologic agreed to only provide accounts with charges incurred or payments received within the last five years. See id. at 2. Neurologic reviewed its records and the records of its medical billing company, J.D. Matthews & Associates ("J.D. Matthews") during its compilation of accounts. See id. at 2. In July 2016, Neurologic provided information for 442 accounts, including Masters' account, to H&J for the purpose of initiating collection actions. See id.

Prior to initiating litigation, H&J reviewed all of the accounts for "appropriate documentation and divided [the accounts] into tranches for drafting of warrants in debt and filing of the same." See Ex. E to Pl.'s Mem. of Law in Supp. of Summ. J., ECF No. 15-7, at 3–4. H&J has no written procedures for its review of accounts received for collections and

---

[1] Neither Masters nor H&J contest the other's statement of undisputed facts. Therefore, for purposes of summary judgment, the court accepts all facts alleged as true.
[2] H&J's Statement of Undisputed Facts is contained within the body of its summary judgment briefing.

2

potential litigation. See Pl.'s Statement of Undisputed Facts, ECF No. 15-1, at 2. However, "[a]ttorneys with H&J review[ed] all claims to determine that cases filed for those claims are filed within the applicable statute of limitations." See Ex. G to Pl.'s Mem. of Law in Supp. of Summ. J., ECF No. 15-9, at 3. Although the attorneys reviewed the documents provided by Neurologic, "[n]o review of the documents from the billing company (the exhibits attached with Plaintiff's Motion for Summary Judgment) would indicate if the debtor had made payments or otherwise agreed to a payment plan or such other accommodations with Neurologic Associates, PLC." See Def.'s Mem., ECF No. 18, at 5. Specific to Masters' account, H&J reviewed his patient informational sheet, patient receipt, signed patient promise to pay, and signed insurance information sheet. See Pl.'s Statement of Undisputed Facts, ECF No. 15-1, at 1–2. "[I]t was understood, from the information available to H&J from Neurologic Associates, PLC, that the Masters' account was currently active." See Ex. E to Pl.'s Mem. of Law in Supp. of Summ. J., ECF No. 15-7, at 3–4.

On November 8, 2016, H&J filed a lawsuit against Masters in Winchester General District Court to collect an alleged outstanding balance of $392.99 owed to Neurologic, plus interest, costs, and attorney's fees of $500. See Pl.'s Statement of Undisputed Facts, ECF No. 15-1, at 1. Masters' counsel then notified H&J that the statute of limitations had lapsed. Upon learning of the statute of limitations defense, H&J "subsequently determined, after consultation with Neurologic Associates, PLC, that the Masters account was open, but it did not have any activity on the account within the period of the applicable statute of limitations. The account was sent to H&J for collection by mistake." Ex. G to Pl.'s Mem. of Law in

Supp. of Summ. J., ECF No. 15-9, at 2. Prior to Masters responding to the suit, H&J dismissed the suit with prejudice. See id.

## II.

Both Masters and H&J move for summary judgment, ECF Nos. 14 & 16. In his motion for summary judgment, Masters argues that H&J's initiation of litigation meets the three requirements for an FDCPA violation: (1) Masters is a consumer as defined in § 1692a(3) because he is a natural person allegedly obligated to pay a medical debt; (2) H&J, as a law firm seeking repayment of a debt on behalf of a client, is a debt collector under § 1692a(6); and (3) H&J engaged in an act or omission in violation of the FDCPA by filing a lawsuit to collect a time-barred debt. Masters contends H&J possessed documents showing that the statute of limitations passed in 2013, three years prior to the initiation of the lawsuit.

In opposition and in its cross summary judgment motion, H&J does not contest the FDCPA violation but claims the bona fide error defense under 15 U.S.C.S. § 1692k(c). H&J argues that filing the time-barred collection action was unintentional and a bona fide mistake because Neurologic agreed to only forward active accounts. Further, H&J contends that its reliance on Neurologic's review of the records was a procedure reasonably adopted to avoid such an error. As different billing records were held by both Neurologic and J.D. Matthews, Neurologic agreed to collect and review the records to verify that accounts were not barred by the statute of limitations. H&J states that it had to rely on Neurologic's review of the records given the nature of Neurologic's two different account records.

Masters opposed H&J's cross-motion for summary judgment and replied in support of its own motion, arguing that the bona fide error defense is inapplicable because H&J did

not commit a bona fide error and did not have procedures reasonably adapted to avoid the error.[3] Masters does not challenge H&J's lack of intention for the error. However, Masters asserts that the error was not bona fide error because, although a debt collector can rely on its client for information, there must be a reasonable or colorable factual basis to believe that the information is accurate; H&J had no reasonable basis because the client's provided documentation showed no activity on the account after 2008. Masters further argues that H&J lacks written procedures reasonably adapted to avoid time-barred claims, and that reliance on Neurologic's representations as the client is insufficient.

### III.

Pursuant to Federal Rule of Civil Procedure 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. Celotex, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

---

[3] Masters also claims that H&J's summary judgment motion is untimely and should be denied, ECF No. 20, at 1–2. The court recognizes that H&J filed its motion two days after the deadline set forth in the Scheduling Order, ECF No. 12, and that Local Rule 56 states that late motions for summary judgment will not be considered without good cause shown. As H&J's summary judgment motion is denied on the merits, and the motion does not delay trial, Masters is not prejudiced by consideration of the motion.

unnecessary will not be counted." Id. (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. Glynn, 710 F.3d at 213 (citing Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" McAirlaids, Inc. v. Kimberly–Clark Corp., No. 13-2044, 2014 WL 2871492, at *1 (4th Cir. June 25, 2014) (internal alteration omitted) (citing Tolan v. Cotton, 134 S. Ct. 1861, 1863 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." Anderson, 477 U.S. at 255. However, the non-moving party "must set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" Glynn, 710 F.3d at 213 (quoting Anderson, 477 U.S. at 252). Instead, the non-moving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2005) (quoting Anderson, 477 U.S. at 249). "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the

evidence before it." Moss v. Parks Corp., 985 F.2d 736, 738 (4th Cir. 1993) (citing Perini Corp. v. Perini Const., Inc., 915 F.2d 121, 124 (4th Cir. 1990)).

## IV.

This action arises under the FDCPA, which protects consumers from the abusive and deceptive practices employed by some debt collectors. See 15 U.S.C. § 1692; United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996). The FDCPA is considered a strict liability statute. See McLean v. Ray, 488 Fed. App'x 677, 682 (4th Cir. 2012); Sears v. Baretta Fin., No. 7:14CV00036, 2015 WL 3507694, at *2 (W.D. Va. June 3, 2015) (noting consumer only needs to prove one violation to trigger liability). Section 813(c) of the FDCPA, 15 U.S.C. § 1692k(c), creates a safe harbor for debt collectors through the bona fide error defense. A debt collector can avoid liability if he or she can show, by a preponderance of the evidence, "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); see Heintz v. Jenkins, 514 U.S. 291, 295 (1995); In Re Accelerated Recovery Sys., Inc., 431 B.R. 138, 147 (W.D. Va. 2010). For the reasons explained below, the court agrees with Masters that H&J violated the FDCPA but finds that the availability of the bona fide error defense is a question for the jury.

### 1.

Masters alleges violations of FDCPA provisions that apply only to a "debt collector," as defined in 15 U.S.C. § 1692a(6), who commits certain unlawful acts "in connection with the collection of any debt." 15 U.S.C. §§ 1692e, 1692f. In order to establish a debt collector's violation of the FDCPA, the plaintiff must have been a "consumer," the defendant must

have been a "debt collector," and the defendant must have violated the FDCPA through an act or omission. See Yarney v. Ocwen Loan Servicing, LLC, 929 F. Supp. 2d 569, 574–75 (W.D. Va. 2013).

Masters has established, and H&J does not dispute, that H&J's initiation of a lawsuit meets the three elements of an FDCPA violation. Masters is a consumer under the FDCPA because he is "allegedly obligated to pay [a] debt." 15 U.S.C. § 1692a(3); Yarney, 929 F. Supp. 2d at 575 ("Plaintiff is a consumer under the FDCPA, which defines the term as 'any natural person obligated or allegedly obligated to pay any debt.'" (citation omitted)). H&J is a "debt collector" because it seeks repayment of a debt on behalf of its client, Neurologic. See McLean, 488 Fed. App'x at 682; Crawford v. Senex Law, P.C., No. 3:16-CV-00073, 2017 WL 5162821, at *3 (W.D. Va. Nov. 7, 2017) ("In removing the exemption for attorneys, Congress expressed its intent that 'lawyers be subject to the [FDCPA] whenever they meet the general "debt collector" definition.'" (citation omitted)).

H&J further does not dispute that attempting to collect a debt barred by the statute of limitations violates the FDCPA. Fourth Circuit case law supports that such activity constitutes a violation. See In re Dubois, 834 F.3d 522, 527 (4th Cir. 2016) ("Federal courts have consistently held that a debt collector violates the FDCPA by filing a lawsuit or threatening to file a lawsuit to collect a time-barred debt."); Bickley v. Gregory, No. 2:16CV131, 2016 WL 6306148, at *5 (E.D. Va. Oct. 7, 2016), report and recommendation adopted, No. 2:16CV131, 2016 WL 6398804 (E.D. Va. Oct. 26, 2016) ("Courts have regularly interpreted this provision, in conjunction with section 1692e, as prohibiting a debt collector from initiating legal action on a time-barred debt."). The U.S. Supreme Court

recently noted that it has not yet determined whether initiating time-barred litigation violates the FDCPA. See Midland Funding, LLC v. Johnson, 137 S. Ct. 1407, 1413 (2017) ("[Appellee] points out that several lower courts have found or indicated that, in the context of an ordinary civil action to collect a debt, a debt collector's assertion of a claim known to be time barred is 'unfair' [within the terms of the FDCPA]. . . We assume, for argument's sake, that the precedent is correct in that context (a matter this Court itself has not decided and does not now decide)."). Given the U.S. Supreme Court's silence, Fourth Circuit case law governs and initiating litigation to collect a time-barred debt violates the FDCPA.

Virginia's statute of limitations for a personal action arising out of a written contract is five years. See Va. Code Ann. § 8.01-246; Compl. ¶ 11, ECF No. 1. Masters' alleged debt was incurred in July and August 2008 and he has not submitted payments since 2008. See Compl. ¶ 7–8, ECF No. 1; Exh. B to Mot. for Summ. J, ECF No. 15-4. Legal action to collect the debt was time barred after 2013. The defendants did not file suit until November 2016, three years after the expiration of the statute of limitations. See Compl. ¶ 9, ECF No. 1. By filing a legal action to collect a time-barred debt from Masters, H&J falsely represented the legal status of a debt in violation of 15 U.S.C. § 1692e. See Dubois, 834 F.3d at 527.

Based on the evidence presented, no reasonable jury could find that H&J, as a debt collector, did not violate the FDCPA by initiating a lawsuit to collect a time-barred debt against Masters, a consumer. H&J does not dispute this determination as it did not counter these allegations in its briefing. H&J solely contends that the FDCPA's bona fide error defense applies to its actions. Therefore, H&J violated the FDCPA and will be liable for its

9

initiation of litigation absent the applicability of the bona fide error defense available under 15 U.S.C. § 1692k(c).

## 2.

The FDCPA contains a "bona fide error" defense that absolves a debt collector from liability for a violation. "To qualify for the bona-fide-error defense, a defendant is required to show, by a preponderance of the evidence, that (1) it unintentionally violated the FDCPA; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 388–89 (4th Cir. 2014) (citing 15 U.S.C. § 1692k(c)). The first element regarding intent is governed by a subjective test, and the second and third elements are governed by an objective test. See Rose v. Roach, No. 6:12-CV-00061, 2013 WL 1563655, at *4 (W.D. Va. Apr. 12, 2013) (citing Johnson v. Riddle, 443 F.3d 723, 728–29 (10th Cir. 2006)). The bona fide error defense presents a mixed question of law and fact. See In Re Accelerated Recovery Sys., Inc., 431 B.R. at 149 (citing Educ. Credit Mgmt. Corp. v. Frushour, 433 F.3d 393, 398–99 (4th Cir. 2005)).

Masters does not dispute that H&J unintentionally violated the FDCPA. See Pl.'s Response in Support of Mot. for Summ. J., ECF No. 21, at 2 n.1. The evidence submitted for briefing supports that H&J made a factual error based on an incorrect understanding of Masters' account. See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 599 (2010) ("[L]awyers may invoke the bona fide error defense, for instance, where a violation results from a qualifying factual error."). H&J satisfies the first element of the bona fide error defense.

Masters does contest the remaining two elements. The second element of the defense requires a bona fide error, which is "an error made in good faith; a genuine mistake, as opposed to a contrived mistake." Rose, 2013 WL 1563655, at *4 (quoting Kort v. Diversified Collection Servs., Inc., 394 F.3d 530, 538 (7th Cir. 2005); see also Webster v. ACB Receivables Mgmt., Inc., 15 F. Supp. 3d 619, 627 (D. Md. 2014) (same). "[T]he bona fide component serves to impose an objective standard of reasonableness upon the asserted unintentional violation." Puffinberger v. Commercion, LLC, No. CIV. SAG-13-1237, 2014 WL 120596, at *5 (D. Md. Jan. 10, 2014) (quoting Johnson, 443 F.3d at 729). Masters argues that H&J's violation did not result from a bona fide error because H&J solely relied on Neurologic's representations and had no colorable basis to believe that Masters' debt was within the statute of limitations period. See Pl.'s Response in Support of Mot. for Summ. J., ECF No. 21, at 4. This argument speaks to the third element of the defense regarding maintenance of procedures, and not whether the error itself was bona fide.[4] Masters has not alleged that H&J's error was not in "good faith" or a "genuine mistake." See Rose, 2013 WL 1563655, at *4 (considering evidence relevant to whether actions were taken in "good faith and lack of deceit and fraud"). The court finds that H&J's violation resulted from a bona fide error.

---

[4] Many courts merge their discussions of the second and third elements. See, e.g., Rush v. Portfolio Recovery Assocs. LLC, 977 F. Supp. 2d 414, 427 (D.N.J. 2013) ("The second and third prongs of the [bona fide error] defense are objective and require an inquiry into whether any precautions were actually implemented, and whether such precautions were reasonably adapted to avoid the specific error at issue." (internal quotation marks and citations omitted)). This likely is because of the close relationship between the two elements: "[T]he procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. Only then is the mistake entitled to be treated as one made in good faith." Rose, 2013 WL 1563655, at *4 (quoting Reichert v. National Credit Systems, Inc., 531 F.3d 1002, 1007 (9th Cir. 2008)) (internal citation omitted). The court addresses both elements separately for clarity, but notes that the deciding consideration in this action is whether H&J can benefit from the defense based on its reliance on Neurologic's representations.

Having established the first two elements of the bona fide error defense by a preponderance of the evidence, H&J next must show that its initiation of a time-barred lawsuit occurred "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Defendants must identify their procedures and explain how they were adapted to avoid the error at issue. See Rose, 2013 WL 1563655, at *4 (citing Reichert, 531 F.3d at 1007). "[A]vailable case law does not set forth definitive standards regarding the third element of the bona fide error defense. . . ." McLean v. Ray, No. 1:10-CV-456, 2011 WL 1897436, at *7 (E.D. Va. May 18, 2011), aff'd, 488 F. App'x 677 (4th Cir. 2012); cf. Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1274 (11th Cir. 2011) ("Despite surveying the case law, we have located no definitive list of procedures, or even universally applicable parameters, by which to assess the third element.").

Under Fourth Circuit case law, a debt collector may "rely reasonably upon his client's word, at least where there is a colorable basis for the claim." McLean, 2011 WL 1897436, at *6 (citing Amond v. Brincefield, Hartnett & Assocs., P.C., 175 F.3d 1013 (4th Cir. 1999)); Alston v. Cent. Credit Servs., Inc., No. CIV.A. DKC 12-2711, 2013 WL 4543364, at *4 (D. Md. Aug. 26, 2013) ("Debt collectors can rely in the first instance on information they obtain from creditors concerning a debt."). There is no "heightened duty of investigation for lawyers engaged in ordinary debt collection activity." McLean, 488 Fed. App'x at 683; see also In re Ladd, 516 B.R. 66, 82 (Bankr. D.S.C. 2014) (granting summary judgment because no evidence contradicted lawyer's affidavit that he was unaware of forged signatures); Sayyed v. Wolpoff & Abramson, LLP, 733 F. Supp. 2d 635, 646 (D. Md. 2010) ("The FDCPA does not require a debt collector to engage in an independent investigation of

12

the debt referred for collection."). "[A] misrepresentation made by the debt collector solely as a result of inaccurate information provided by its client would be a bona fide error as defined under 15 U.S.C. § 1692k(c)." Sayyed, 733 F. Supp. 2d at 647 (citing Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1032 (6th Cir. 1992)).

The case law does not delineate what constitutes a "colorable basis" for a claim. Courts generally allow a debt collector to rely on his or her client's statements where the client's provided records support the statements. In Amond v. Brincefield, Hartnett, 175 F.3d 1013, 1999 WL 152555, at *2-4 (4th Cir. Mar. 22, 1999), the Fourth Circuit upheld a lower court decision granting summary judgment to lawyer-defendants who attempted to collect the incorrect amount of a debt because the lawyers had no reason to question their client's statement of the amount due. See also Long v. McMullen, Drury & Pinder, P.A., No. CIV.A. RDB-10-2776, 2011 WL 4458849, at *5-6 (D. Md. Sept. 23, 2011) (applying bona fide error defense over discrepancy in amount owed because lawyer-defendant relied on client's representation and reviewed account statement to verify amount). Similarly in Puffinberger v. Commercion, LLC, No. CIV. SAG-13-1237, 2014 WL 120596, at *5 (D. Md. Jan. 10, 2014), the court denied plaintiff's summary judgment motion because there was a genuine dispute of material fact about whether the debt collecting law firm's policy of reviewing each complaint to determine whether it was within the applicable statute of limitations period was an adequate safeguard for the bona fide error defense.

However, "in the face of discoverable error, a debt collector cannot invoke the bona fide error defense. Said differently, [t]o qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to

avoid discoverable errors. . . ."[5] Grant-Fletcher v. McMullen & Drury, P.A., 964 F. Supp. 2d 514, 528–30 (D. Md. 2013) (internal citations and quotation marks omitted). In Grant-Fletcher v. McMullen & Drury, P.A., the court denied summary judgment for the defendant because the client's overstatement of the debt was "manifestly discoverable" and "a perfunctory review of the account ledger would have revealed this discoverable error hiding in plain sight." Id. at 528–30. Reviewing the defendant's procedures, the court held: "[N]one of the measures recited by M & D demonstrate any procedures that it had at the time the error occurred that were reasonably adapted to avoid the specific error at issue", such as "obtaining a verification of the sum of the debt, under oath, from the creditor." Id. at 530.

The error generally must be discoverable within the client's provided files to disqualify the availability of the defense. In Young v. Thieblot Ryan, P.A., No. CIV.A. ELH-11-01562, 2012 WL 6698632, at *8 (D. Md. Dec. 21, 2012), the court granted summary judgment for the debt collecting law firm because the firm "was not on notice of a discoverable error" where there was no documentation in the file suggestive of an invalid claim. Likewise in McLean v. Ray, 488 F. App'x 677, 683 (4th Cir. 2012), the Fourth Circuit affirmed summary judgment for a lawyer who relied on his client's word, reviewed documents provided by his client, and sought an affidavit confirming the amount owed. There is no obligation under the law to review a client's entire history with a plaintiff or

---

[5] Some courts have broadly held that "a debt collector is not required to prove that it had procedures in place to guard against the unknown or *potential* errors of others—instead, the debt collector has to take prompt steps to correct any errors once it received notice." Alston, 2013 WL 4543364, at *4–5; see also In re Creditrust Corp., 283 B.R. 826, 832 (Bankr. D. Md. 2002). The debt collectors in these actions did not appear to violate the FDCPA due to a discoverable error, and thus these decisions are consistent with allowing a collector to "rely reasonably upon his client's word, at least where there is a colorable basis for the claim." McLean, 2011 WL 1897436, at *6.

14

confirm that there were no clerical errors in the maintenance of the plaintiff's account. See Sayyed, 733 F. Supp. 2d at 647.

Even with a discoverable error, a defendant can still benefit from the bona fide error defense where it employs procedures reasonably adapted to avoid the error at issue. A defendant must set forth procedures or declarations describing safeguards aimed at preventing the error. See Webster, 15 F. Supp. 3d at 629 (rejecting bona fide error defense because "neither the procedures nor the declarations describe any redundancy or safeguards in the system reasonably adapted" to prevent error). Specific to statute of limitations problems, there must be evidence that the debt collector employed a procedure to prevent the mistake of initiating time-barred litigation. See Spencer v. Hendersen-Webb, Inc., 81 F. Supp. 2d 582, 592 (D. Md. 1999) ("Absent any evidence that Rupp employed procedures to prevent such mistakes [of attempting to collect time-barred debts], no reasonable juror could find for the Defendants."). For example, "debt collectors can avoid FDCPA liability by putting in place a reasonable procedure to screen unscheduled, time-barred claims." In re Dubois, 834 F.3d at 535 (Diaz, J., dissenting). Informal practices and agreements can suffice in demonstrating a reasonably adapted procedure. In Yu v. Kevin B. Wilson Law Offices, 919 F. Supp. 2d 661, 664–65 (D. Md. 2013), the court granted summary judgment in favor of the lawyer-defendant because the lawyer and his clients agreed to exchange bankruptcy information that would bar collection. Based on their decades-long relationship and the lawyer's immediate cessation of the claim, the court determined that the informal agreement to not forward accounts with debts subject to discharge in bankruptcy constituted a procedure. Id. at 665.

Out-of-circuit case law analyzing the bona fide error defense tracks similarly to cases from the Fourth Circuit. Courts have rejected a debt collector's "law license" as a procedure reasonably adapted to avoid an error. See Lee v. Kucker & Bruh, LLP, 958 F. Supp. 2d 524, 529-32 (S.D.N.Y. 2013) ("Defendants had no procedures designed to avoid discoverable errors in their client's computation of the amount due. Their sole procedure was to rely blindly on their client's business record maintained in the regular course of business."). For FDCPA actions involving time-barred claims, courts have required more than a mere review of paperwork where the error is discoverable. In Knighten v. Palisades Collections, LLC, 721 F. Supp. 2d 1261, 1270–71 (S.D. Fla. 2010), the court rejected the debt collector's bona fide error defense because "[i]f the error [of a time-barred claim] would not be obvious to those checking it, it cannot follow that the procedures in place were reasonable, nor sufficient to prevent this error from occurring." Id. at 1271 (involving review by attorneys and legal assistants). Debt collectors with discoverable errors normally need procedures in place over and above reliance on a client's representations and a general review of the account. See, e.g., Gray v. Suttell & Assocs., 123 F. Supp. 3d 1283, 1294 (E.D. Wash. 2015) (applying bona fide error defense where lawyer debt collectors employed formal screening process for statute of limitations and maintained statute of limitations chart); Richburg v. Palisades Collection LLC, 247 F.R.D. 457, 468–69 (E.D. Pa. 2008) (denying defendants' motion for summary judgment because determination of whether maintenance of nationwide statute of limitations chart is a procedure reasonably adapted to avoid a statute of limitations error is a question for the jury); cf. McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 948–49 (9th Cir. 2011) (rejecting defense where debt collector's system for potential

statute of limitations problems flagged a problem yet debt collector subsequently relied on client's representation, without verification, that statute of limitations had been extended).

Where there is a factual question of whether a debt collector maintained reasonably adapted procedures, including reliance on others for accurate information, courts have sent the issue to the jury for determination. See Thomas v. Altschul, No. 13 CIV. 8320 RA, 2015 WL 5165334, at *2 (S.D.N.Y. Aug. 21, 2015) ("[I]t might be said that having Altschul review the papers she prepares is enough of a safeguard against such errors. Since there is a factual issue, however, as to what precisely the nature of the error was in the first place—clerical on the part of Pizarro or analytical on the part of Altschul—the Court need not address this issue for summary judgment would be denied regardless."); Gallagher v. Gurstel, Staloch & Chargo, P.A., 645 F. Supp. 2d 795, 802–03 (D. Minn. 2009) (denying summary judgment on bona fide error defense where defendant stated paralegals were trained but did not describe the training methods, did not provide supporting documentation, and could not explain how the error occurred); Vu v. Diversified Collection Servs., Inc., 293 F.R.D. 343, 362 (E.D.N.Y. 2013) (finding defendants made prima facie case raising bona fide error defense, but that there were genuine disputes of material fact about the extent of defendant's procedures and ability to prevent specific type of error that occurred); Bell v. Bowman, Heintz, Boscia & Vician, P.C., 370 F.Supp.2d 805 (S.D. Ind. 2005) (denying cross motions for summary judgment in part because defendant's reliance on creditor's procedures was not sufficient to demonstrate reasonable preventative steps to avoid the error as a matter of law).

Here, the court finds that a jury should decide whether H&J maintained "procedures reasonably adapted to avoid" the initiation of a time-barred suit. See 15 U.S.C. § 1692k(c).

This is a close determination. While debt collectors generally receive the benefit of relying on a client's representations in collection matters, that benefit disappears if the error is discoverable and the debt collector did not maintain procedures reasonably adapted to avoid the error. A jury could find that the expiration of the statute of limitations period was readily discoverable based on the patient receipt provided by Neurologic. H&J contends that "[n]o review of the documents from the billing company (the exhibits attached with Plaintiff's Motion for Summary Judgment) would indicate if the debtor had made payments or otherwise agreed to a payment plan or such other accommodations with Neurologic Associates, PLC." See Def.'s Mem., ECF No. 18, at 5. However, the receipt's reference to activity last occurring in 2008 should have raised a question about the possible expiration of the statute of limitations. Reasonably adapted procedures should have been in place.

H&J heavily relied on Neurologic's collection and review of account information to determine whether claims were time-barred. Based on the submitted documents, it is unclear what specific actions H&J engaged in to prevent the initiation of time-barred litigation and whether they were reasonably adapted to avoid such errors. It is undisputed that H&J reviewed documents prior to litigation, including Masters' patient info sheet, patient receipt, signed patient promise to pay, and signed insurance information sheet. See Pl.'s Statement of Undisputed Facts, ECF No. 15-1, at 1–2. H&J does not discuss its document review in its statement of undisputed facts. See Def.'s Mem., ECF No. 18, at 1–2. However, in its discovery responses, H&J stated that "[a]ttorneys with H&J review[ed] all claims to determine that cases filed for those claims are filed within the applicable statute of limitations." See Ex. G to Pl.'s Mem. of Law in Supp. of Summ. J., ECF No. 15-9, at 3. H&J

does not explain why this review did not raise questions about the statute of limitations, what the review entailed, or what actions would have been taken if the error had been discovered. Some procedures appear to have been in place, but the court cannot resolve whether they were reasonably adapted to avoid statute of limitations errors based on the undisputed facts in the summary judgment briefing.

A jury should determine which procedures H&J had in place to prevent statute of limitations issues, and whether any of those procedures were reasonably adapted to avoid those errors. Therefore, the availability of the bona fide error defense to H&J needs to be resolved at trial.

## V.

For the reasons stated above, Masters' Motion for Summary Judgment, ECF No. 14, is **DENIED**, and H&J's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

An appropriate Order will be entered this day.

Entered: 02-20-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge